218 So.2d 501 (1969)
Mary C. RAGGIO, Formerly Known As Mary C. Richardson, Appellant,
v.
Alice Irene RICHARDSON, As Administratrix of the Estate of Eugene C. Richardson, Jr., Appellee.
No. 68-157.
District Court of Appeal of Florida. Third District.
January 28, 1969.
Rehearing Denied February 25, 1969.
Frank J. O'Connor and Robert M. Riddle, Miami, for appellant.
Kovner, Mannheimer & Greenfield, Horton & Schwartz, Miami, for appellee.
Before CHARLES CARROLL, C.J., SWANN, J., and SPAET, HAROLD B., Associate Judge.
CHARLES CARROLL, Chief Judge.
This appeal, by one of the defendants below, is from a summary judgment entered in favor of the plaintiff.
On May 5, 1967, the plaintiff Alice Irene Richardson, widow of the decedent Eugene C. Richardson, Jr., acting in her capacity as administratrix of his estate, filed suit in the circuit court of Dade County against the appellant Mary C. Raggio, the former wife of the decedent, and against The Travelers Insurance Company, claiming on behalf of the estate the proceeds of a life insurance policy under which the appellant Mary C. Richardson (now Raggio) was the beneficiary at the time of death.
By the pleadings and evidence which were before the trial court on hearing appellee's motion for summary judgment, the following facts appeared. The appellant and the decedent had married in 1942. On May 31, 1962, the appellant filed a suit for divorce against the decedent. Six months later, at a time when the parties were separated and the divorce suit was still pending, they entered into a separation agreement, on November 8, 1962. The terms thereof provided that the residence of the parties and an automobile should be transferred to the wife, that the husband would retain his tools and personal belongings and that he would pay all bills which the parties had previously incurred. The agreement then provided that each party thereby released the other from claims arising out of the marital relation, and that it would operate as a settlement of claim then or theretofore existing between the parties. The language of the agreement as to the provisions just mentioned was as follows:
"IV. For and in consideration of the execution and delivery of the conveyances, *502 assignments and liens hereinafter described, each party hereby releases and relinquishes to the other all rights or claims of dower, curtesy, inheritance, descent, distribution, and all other rights or claims growing out of the marriage relations between them, and each shall be forever barred from all rights in the estate of the other party, real, personal or mixed, now owned or hereafter acquired, and that the wife does hereby agree to waive any and all alimony or support money now and hereafter.
* * * * * *
"X. That this is a complete settlement of any and all claims of whatever kind or nature now and heretofore existing between the parties, on account of their marriage or otherwise, and that this agreement is made freely and voluntarily on the part of each of the parties, without any compulsion, constraint, apprehension or fear of or from one to the other, and for the purpose of making a complete settlement of any and all claims whatsoever of the parties hereto, in or against the other, or his or her properties."
On November 12, 1962, four days after the settlement agreement was entered into, the husband applied to The Travelers Insurance Company for a group life insurance policy, and on the application listed the appellant as the person to be named as beneficiary in the policy to be issued. Shortly thereafter, on November 21, 1962, a final decree of divorce was entered, which referred to and approved the agreement. On December 1, 1962, ten days after the entry of the divorce decree, the life insurance policy, naming the appellant (by then his former wife) as the beneficiary, was issued and was received by Richardson. On February 8, 1964, Richardson married the plaintiff Alice Richardson, and remained married to her until his death which occurred in April of 1967.
At the time of his death Richardson held another life insurance policy which he had acquired while married to the appellant, and on which the appellant also appeared as the beneficiary prior to and at the time of the decree of divorce. However, on July 17, 1964, approximately six months after Richardson remarried, he changed the beneficiary on the latter policy, substituting his new wife in place of the appellant as beneficiary. Richardson did not, prior to his death, change or attempt to change the beneficiary (appellant) on the policy involved here, which as above stated was issued to him after his divorce from the appellant.
In her suit as administratrix the appellee claimed the defendant-appellant was barred by the terms of their said agreement from receiving the proceeds of the policy in question. By answer the appellant admitted the agreement, denied that its terms covered or barred her right to the proceeds of the policy, and averred that decedent had intended the proceeds of the policy to be paid to her.
By stipulation of the parties to the suit the defendant Travelers Insurance Company paid over the proceeds of the policy to certain named trustees, to be deposited in an interest bearing account in a Miami saving bank, pending outcome of the contest therefor between the plaintiff and the defendant-appellant.
The plaintiff moved for summary judgment, and after hearing thereon the trial court granted summary judgment in her favor, holding "that there is no genuine issue of any material fact and the court finds that the plaintiff is entitled to a summary final judgment as a matter of law; and the court having relied upon the case of O'Brien v. Elder, 250 F.2d 275 [5 Cir.1957]." Thereupon this appeal was taken by the defendant Mary C. Raggio, formerly Mary C. Richardson.
The appellant contends, and we agree, that the persuasive effect to be given a decision of another jurisdiction should not be applied to O'Brien v. Elder, supra, because that case is not in point. An examination of the O'Brien case shows material *503 factual differences by which it is distinguishable from this case.
The policy involved in O'Brien had been acquired by the husband prior to the divorce, whereas in this case, although applied for during the marriage, the policy was issued and received by the husband after the parties had been divorced. The latter circumstance becomes important when it is observed that in the O'Brien case the wife's right under the policy, issued during marriage, was fixed by the policy contract at the time of their settlement agreement (subject to a right of the policy-holder to change the beneficiary, which was not exercised) and was one she could and did contract away, along with other property or rights held at the time of the agreement. Moreover, the agreement in the O'Brien case expressly covered after acquired claims of the wife, but the agreement in this case did not. In the present case, he wife's right or claim, derived from the policy, arose after the divorce, and therefore was not one "then or theretofore existing," which the agreement provided would be released.
While it is of no controlling legal import in the decision of this case, it is worthy of note that in the O'Brien case it was shown that after the divorce and prior to his death the husband showed a desire and intention to remove his ex-wife as beneficiary of the policy involved there, whereas there are facts and evidence in the present case indicating contrary intent. In O'Brien it was held that the ex-husband's intention to change the beneficiary was immaterial where the steps he took were incomplete and insufficient under the terms of the policy to accomplish that purpose. The estate prevailed in the O'Brien case on the alternative ground that the ex-wife's claim as the beneficiary under the policy was barred by terms of the agreement there.
The circumstance that Richardson, during the period of approximately five years from the time of the divorce until his death, did not remove his ex-wife as beneficiary under the life insurance policy obtained by him shortly after the divorce, but did so on another such policy he had obtained and held prior to the divorce, was made to appear intentional on his part by deposition testimony of the ex-wife and by her affidavit filed in opposition to the motion for summary judgment, in which she stated as follows:
"Your Affiant further states that she and the decedent had conversations from time to time subsequent to the divorce in 1962, at which times the decedent advised your Affiant that he was going to have one policy for her in order to make up for the hurt he had inflicted upon her during the years of their marriage. That the decedent called her at least one month before his death, and advised your Affiant that he wanted her to have the proceeds of the policy which is the subject of this cause of action.
"That your Affiant received a letter from Eugene G. Richardson, Jr., wherein he stated that the insurance would pay all the bills and the insurance was to go to your Affiant. Copy of said letter is attached hereto and made a part hereof."[1]
Since the appellant's claim to the proceeds of the policy was not one "arising out of the marital relation," or one which was *504 "then or theretofore existing between the parties" when the agreement was entered into, and as the agreement did not bar after-acquired claims, in our view the trial court was in error in holding that the claim of the defendant-appellant as the beneficiary under the policy was barred by the said agreement. Therefore, the defendant-appellant (beneficiary) was entitled to judgment for the proceeds of the policy.
Accordingly, the summary judgment entered in favor of the plaintiff-appellee is reversed, and the cause is remanded with direction to enter summary judgment in favor of the defendant-appellant Mary C. Raggio, formerly Mary C. Richardson.[2]
Reversed and remanded with direction.
NOTES
[1] "Mary Darling: This is the last time I will bother you. I love you more than everything in the world, but I cant seem to make you believe that. The house payment for this month has been paid and the Bank has also been Paid. After this all these Payments will automatically Be Paid. All the Papers will Be here on the table. Don't let any Body tell you that you have to Pay these Bills, the Insurance Pay's them off. Get Joe Stevens to Get my tools out of P.A.A. For you, His Phone # is 271-3375, he will Do this For you. The keys for my tool Box are here on the table. If you Dont want to live in the house, Sell it. Take Both Cars and trade them for a new one, like you want. Try to forgive me for all the hurt I have caused you. After this I will never hurt you again. Forgive me for everything. I love you Darling.  Rich."
[2] For the propriety of entering summary judgment for the nonmoving party where so entitled, see Carpineta v. Shields, Fla. 1954, 70 So.2d 573, 48 A.L.R.2d 1185; 30 Fla.Jur., Summary Judgment § 12.