524 So.2d 1063 (1988)
S. Christine CANTRELL, Appellant,
v.
HOME LIFE INSURANCE COMPANY, Etc., et al., Appellees.
No. 87-57.
District Court of Appeal of Florida, Fifth District.
April 14, 1988.
Rehearing Denied May 16, 1988.
Timothy M. Williams of Rossetter & Williams, Melbourne, for appellant.
Harry C. Greenfield of Stanley Wolfman, P.A., Merritt Island, for appellee Gnann.
COWART, Judge.
Appellant's father, as part of his divorce from appellant's mother, entered into a property settlement agreement in which the appellant and her brother were to be maintained as sole beneficiaries of the father's life insurance policies. This settlement *1064 agreement was approved and incorporated in the dissolution judgment, which ordered its performance. The father remarried. Disregarding his settlement agreement with his first wife, the father removed appellant as beneficiary of his life insurance policies, and named his new wife, an appellee herein, as sole beneficiary.
After the father died, the appellant brought an action against the father's new wife for one-half the proceeds of the policies named in the settlement agreement.[1] On stipulated facts, the trial court found that the requirement in the settlement agreement, that the appellant be maintained as one-half beneficiary of the policies, was incidental to the father's child support obligation and upon satisfaction of that obligation, the father was free to change the beneficiary of his policies. The court entered summary judgment against the appellant and in favor of the new wife. We reverse.
Trial courts in dissolution proceedings can require a spouse to maintain a life insurance policy as security for support. See, e.g., Bosem v. Bosem, 279 So.2d 863 (Fla. 1973); Eagan v. Eagan, 392 So.2d 988 (Fla. 5th DCA 1981). See also sections 61.08(3) and 61.13(1)(d), Florida Statutes (1987). Because it merely is security for support, a court can order insurance only be maintained to secure a court ordered support obligation. See Kirkwood v. Kirkwood, 365 So.2d 793 (Fla. 2d DCA 1978), cert. denied, 376 So.2d 73 (Fla. 1979). However, a parent or spouse can voluntarily agree to name and maintain another person, including a support beneficiary, as an insured under a life insurance policy. Such an agreement need not be limited to security for a support obligation and can constitute a binding and unconditional conveyance of the benefits payable under such policy. We find that the agreement in this case was not limited to security for a support obligation but was part of a settlement of the marital property rights between the father and his first wife and constituted an unconditional agreement making the appellant a third party donee one-half interest beneficiary of the insurance policies in question. In making the agreement, the father conveyed an unqualified interest in one-half of the proceeds thereof in the appellant and the father's later attempt to change the beneficiary was ineffective. See Pensyl v. Moore, 415 So.2d 771 (Fla. 3d DCA 1982), rev. denied, 424 So.2d 762 (Fla. 1982); Dixon v. Dixon, 184 So.2d 478 (Fla. 2d DCA 1966), cert. discharged, 194 So.2d 897 (Fla. 1967). Accordingly, the summary judgment is reversed and the cause remanded for the trial court to enter summary judgment in favor of the appellant.
REVERSED and REMANDED.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] The appellant also named the father's life insurance companies as party defendants. The insurance companies were dropped as parties after paying the proceeds of the policies into the registry of the court.