661 So.2d 52 (1995)
Sandra COOPER f/k/a Sandra Pasquino, Appellant,
v.
Karin MUCCITELLI f/k/a Karin Pasquino, Appellee.
No. 94-03048.
District Court of Appeal of Florida, Second District.
May 31, 1995.
*53 Lon Worth Crow, IV, Avon Park, for appellant.
Kurt Erlenbach of Erlenbach & Erlenbach, P.A., Titusville, for appellee.
BLUE, Judge.
Sandra Cooper, the sister of Thomas Pasquino, deceased, contends the trial court erred in entering a summary judgment that awarded the proceeds of a life insurance policy to Karin Muccitelli, Pasquino's ex-wife. Because we have determined, as a matter of law, that a general release clause in a property settlement agreement does not vitiate an ex-spouse's beneficiary designation in a life insurance policy, we affirm the summary judgment.
Pasquino and Muccitelli were married in 1984. Pasquino purchased a term life insurance policy in 1987. He was both the insured and the owner of the policy. The life insurance policy named Muccitelli as the primary beneficiary and Cooper as the secondary beneficiary. The marriage between Muccitelli and Pasquino was dissolved on July 30, 1992. The final judgment of dissolution incorporated a separation agreement between Muccitelli and Pasquino. This agreement included a mutual release of all claims either party might have against the other but made no specific mention of life insurance. Pasquino died in 1993 without ever changing the beneficiary on the policy in question.
Both Cooper and Muccitelli claimed the insurance proceeds. The company which issued the policy filed an interpleader action and was allowed to deposit the proceeds into the court registry. Cooper and Muccitelli engaged in discovery, leading to Muccitelli's motion for summary judgment. Cooper argues that summary judgment was improperly granted because disputed issues exist regarding the parties' intent in the separation agreement concerning the life insurance policy. Cooper asserts that Muccitelli waived any rights to these proceeds by executing the general release in the separation agreement. Muccitelli contends the separation agreement was ineffective as a matter of law to invalidate her status as beneficiary.
Where the right to change the beneficiary rests solely with the insured, the beneficiary acquires no vested right or interest during the life of the insured, but only an expectancy. Moon v. Williams, 102 Fla. 214, 135 So. 555 (Fla. 1931); Couch on Insurance 2d (Rev. ed.) § 27:59. The right to change the beneficiary of a life insurance policy depends on the contract between the insurer and the insured as expressed in the insurance policy. Martinez v. Saez, 650 So.2d 668 (Fla. 3d DCA 1995). Here, the policy required a written request in order to change a beneficiary. It is undisputed that this did not occur. It is also clear that Muccitelli had no vested rights to the policy because Pasquino could change the beneficiary at any time.
The policy in question was a term life insurance policy. There was no cash or loan value to be distributed by dissolution. Only upon the death of the insured was there an asset available for distribution. The proceeds of a life insurance policy having a named beneficiary do not become assets in the estate of the insured. Gartley v. Gartley, 622 So.2d 77 (Fla. 2d DCA 1993). Thus, Muccitelli's claim on the proceeds is not a claim on estate assets which would otherwise be barred by the separation agreement.
The owner of a life insurance policy can fix or vest the right to the proceeds by a *54 separation agreement approved by the court. We recognize that this would override the insured's right to designate the beneficiary. Cantrell v. Home Life Ins. Co., 524 So.2d 1063 (Fla. 5th DCA 1988). In this case, however, there was no agreement fixing the beneficiary.
Based on this analysis, we have concluded the following. Pasquino had complete control of the life insurance policy in question, including the right to change the beneficiary at any time. During Pasquino's life, Muccitelli had no rights to any insurance proceeds. Because she had no rights to the proceeds, she could not waive those rights by the separation agreement's general release. This conclusion is in conformance with the law in a majority of jurisdictions that have faced this question. See Couch, supra, § 27:117 and cases cited therein. "[T]he general rule is that the rights of the beneficiary in an ordinary life insurance policy, including the right to receive the proceeds thereof upon maturity of the policy, are in no way affected by the fact that the parties are divorced subsequent to the issuance of the policy, especially if no attempt is made to change the beneficiary after the divorce ..." Couch, supra, § 27:112.
We recognize that our decision in this case may conflict with the decisions of other districts faced with this same question. See Davis v. Davis, 301 So.2d 154 (Fla. 3d DCA 1974); Aetna Life Ins. Co. v. White, 242 So.2d 771 (Fla. 4th DCA 1970); Raggio v. Richardson, 218 So.2d 501 (Fla. 3d DCA), cert. denied, 225 So.2d 917 (Fla. 1969). These cases held that the named beneficiary ex-spouse was entitled to the life insurance proceeds. However, each case reached this decision by examining the settlement agreement to determine if the parties intended to release the life insurance benefit expectancy. It is this analysis with which we disagree. Furthermore, Davis, Aetna Life, and Raggio were influenced by O'Brien v. Elder, 250 F.2d 275 (5th Cir.1957). In O'Brien, a trial court's ruling that awarded the insurance proceeds to the ex-spouse beneficiary was reversed. The court held that the expectancy of life insurance benefits constituted a claim between the parties and that a separation agreement which purported to release all claims precluded the beneficiary from recovering the insurance proceeds. Our holding in this case clearly disagrees with O'Brien.
If we followed the decisions of our sister districts, we would be required to reverse because the question of intent would remain a disputed factual issue. However, we hold that without specific reference in a property settlement agreement to life insurance proceeds, the beneficiary of the proceeds is determined by looking only to the insurance contract. We believe this is the better approach because it requires an objective decision based on legal principle rather than a case-by-case attempt to determine the unexpressed intent of a deceased person.
In so doing, we recognize and certify to the Florida Supreme Court conflict with Aetna, Raggio, and Davis.
Accordingly, summary judgment is affirmed.
FRANK, C.J., and WHATLEY, J., concur.