682 So.2d 77 (1996)
Sandra COOPER, etc., Petitioner,
v.
Karin MUCCITELLI, etc., Respondent.
No. 85840.
Supreme Court of Florida.
October 10, 1996.
Lon Worth Crow, IV of Kelly & Crow, Avon Park, for Petitioner.
Kurt Erlenbach of Erlenbach & Erlenbach, P.A., Titusville, for Respondent.
SHAW, Judge.
We have for review Cooper v. Muccitelli, 661 So.2d 52 (Fla. 2d DCA 1995), wherein the district court certified conflict with Davis v. Davis, 301 So.2d 154 (Fla. 3rd DCA 1974); Aetna Life Insurance Co. v. White, 242 So.2d 771 (Fla. 4th DCA 1970); and Raggio v. Richardson, 218 So.2d 501 (Fla. 3rd DCA), cert. denied, 225 So.2d 917 (Fla.1969). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We approve the result in Cooper as explained below.
Thomas Pasquino and Karin Muccitelli were married in 1984, and during the course of the marriage Thomas bought two life insurance policies, one from Academy Life Insurance Company ("Academy"), which is in *78 issue here, and one from Serviceman's Group Life Insurance ("Serviceman's"). Thomas named Karin primary beneficiary on both policies, named his sister, Sandra Cooper, secondary beneficiary on the Academy policy, and failed to name a secondary beneficiary on the Serviceman's policy.
Thomas and Karin were divorced in July 1992 and the separation agreement mutually released each party from all claims of the other. The agreement did not mention the insurance policies. Karin remarried in August 1992 and moved to Germany. In December 1992, Thomas changed the primary beneficiary on the Serviceman's policy to his step-daughter by Karin, his two children by a prior marriage, and his parents. He left the Academy policy unchanged.
Thomas committed suicide in January 1993 and Karin and Sandra both filed for the proceeds of the Academy policy. Academy filed an interpleader naming Karin and Sandra as defendants, and the trial court granted Karin's motion for summary judgment, ruling that she was entitled to the proceeds (totaling nearly $100,000). The district court affirmed, holding that "without specific reference in a property settlement agreement to life insurance proceeds, the beneficiary of the proceeds is determined by looking only to the insurance contract." Cooper, 661 So.2d at 54. The court recognized conflict with Davis, Aetna, and Raggio, wherein the courts looked beyond the life insurance policies to the settlement agreements.
Sandra contends that because the present separation agreement does not mention the Academy policy, a material question of fact exists as to whether the parties intended that the agreement apply to the policy proceeds. Summary judgment, she claims, was improper. We disagree.
The separation agreement contains the following provisions governing the mutual release of claims:
Whereas, the parties desire to settle their financial, property and other rights and obligations arising out to the marriage and otherwise.
....
6. Mutual Release and Discharge of Claims in Estates. Each party shall have the right to dispose of the property of such party by last will and testament in such manner as such party may deem proper in the sole discretion of such party, with the same force and effect as if the other party had died. Each party, individually and for his or her heirs, personal representatives, executors, administrators, successors and assigns, hereby waives, releases and relinquishes any and all claims, rights or interests as a surviving spouse in or to any property, real or personal, which the other party owns or possesses at death, or to which the other party or his or her estate may be entitled.
7. Mutual Release of General Claims. Except as expressly provided in this Agreement, each party hereby waives, releases and discharges all claims, causes of action, rights or demands, known or unknown, past, present or future, which he or she now or hereafter has, might have, or could claim to have against the other by reason of any matter, thing or cause whatever, prior to the date of this Agreement. Nothing in this Article 6 shall be deemed to prevent either party from enforcing the terms of this Agreement or from asserting any rights or claims expressly reserved to either party in this Agreement. Nothing herein shall impair or waive any cause of action which either party may have against the other for a dissolution of the marriage or any defenses either may have to any such cause of action.
....
11. General Provisions. This Agreement is entire and complete and embodies all understandings and agreements between the parties. No oral statement or prior written matter outside this Agreement shall have any force or effect.
The Academy insurance policy contains the following provisions concerning beneficiaries:
BENEFICIARY
The beneficiary is the person entitled to receive the proceeds upon the insured's death. If there is no living beneficiary, the proceeds will be paid to you or your estate.

*79 CHANGE OF OWNER OR BENEFICIARY
By written request you may change the beneficiary or transfer ownership of this policy at any time during the lifetime of the insured. The change will take effect as of the date such request is signed. We will not be liable for any payment made or any action taken before we record the request.
....
7. Beneficiary in Case of Death of Proposed Insured.
Primary: Karin Pasquino Relationship: Wife
Secondary: Sandra Pasquino Relationship: Sister
We conclude that the plain language of the above documents controls. To the extent that Karin may have claimed a right to remain primary beneficiary under the Academy policy as a condition of the dissolution of marriage, she waived any such claim when she signed the above agreement. The agreement clearly states: "[E]ach party hereby waives ... all claims ... which he or she ... might have ... against the other." Thomas was free to designate whomever he wished as beneficiary. To determine whom Thomas intended as beneficiary, we need look no further than the plain language of the policy itself: The primary beneficiary is Karin Pasquino. After signing the separation agreement, Thomas did just what he needed to do to ensure that the proceeds would go to Karinhe did nothing.
The analysis urged by Sandra, i.e., that the general language in the separation agreement trumps the specific language in the policy, would place Academy in an impossible positionthe carrier could never be certain whom to pay in such a situation without going to court, in spite of what the policy said or how clearly it was worded.[1]
Based on the foregoing, we approve the result in Cooper on this issue.
It is so ordered.
OVERTON, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
KOGAN, C.J., recused.
NOTES
[1] Of course, a settlement agreement that specifically requires one of the parties to maintain a named individual as beneficiary will control the disposition of proceeds upon notice to the insurer. See Cantrell v. Home Life Ins. Co., 524 So.2d 1063 (Fla.5th DCA 1988).