715 So.2d 958 (1998)
Sheila K. WALLER, as Personal Representative of the Estate of Bobby G. Waller, deceased, Appellant,
v.
Kathy Waller POPE, Appellee.
No. 97-02311.
District Court of Appeal of Florida, Second District.
June 3, 1998.
Rehearing Denied July 9, 1998.
*959 J. Baird Lefter of Lefter, Cushman, Wilkinson & Sadorf, P.A., St. Petersburg, for Appellant.
Ronald H. Schnell, St. Petersburg, for Appellee.
PARKER, Chief Judge.
Sheila K. Waller (Mrs. Waller), the personal representative of the estate of Bobby G. Waller (Mr. Waller), appeals the final judgment dismissing her second amended petition with prejudice. The petition sought determination of the pension beneficiary and the ownership of a credit union account. The issue in this case involves whether funds contained in a credit union account and pension beneficiary benefits, both listing the former wife of the deceased, Mr. Waller, as the beneficiary, should be determined to belong to the former wife, or whether these funds and benefits pass through the estate of the deceased. We affirm the trial court's order awarding these assets to the former wife.
In 1961, Mr. Waller married his first wife, Kathy Waller (now known as Kathy Waller Pope and hereinafter referred to as Mrs. Pope). In 1965, Mr. Waller designated Mrs. Pope as the beneficiary of the death benefits under the Employees' Retirement System for the City of St. Petersburg (Pension Plan). Thereafter, Mr. Waller commenced a twenty-eight-year career as a municipal employee of the city. This beneficiary designation remained unchanged in the records of the Pension Plan.
In 1967, Mr. Waller designated Mrs. Pope as the beneficiary of his savings account maintained at the St. Petersburg Municipal Credit Union (Credit Union). This beneficiary designation remained unchanged in the records of the Credit Union.
In 1980, the marriage between Mr. Waller and Mrs. Pope ended in divorce pursuant to a final judgment of dissolution of marriage. The property settlement and separation agreement was incorporated into the final judgment. The settlement agreement did not address either the Pension Plan benefit or the Credit Union savings account. However, the settlement agreement did provide for general releases of any claims of each other, and a declaration that the settlement agreement was a full, final, and complete settlement of all of each party's property rights.
In 1982, Mr. Waller married his second wife, Mrs. Waller. They remained married until Mr. Waller's death. Mr. Waller designated Mrs. Waller as the beneficiary of his life insurance benefits and made her the residuary beneficiary and personal representative of his estate. In 1988, Mr. Waller executed his will bequeathing all of his estate, including any property real or personal, to Mrs. Waller.
The estate's claim to ownership of the Pension Plan benefits and Credit Union account is the substance of this appeal. Mr. Waller's twenty-eight years of service with the City of St. Petersburg was fully vested. Under the terms of the Pension Plan, his designated beneficiary, which could be any person Mr. Waller chose, was entitled to a survivor benefit. If there was no designated beneficiary, the Pension Plan required that the pension benefits pass into Mr. Waller's estate.
In Cooper v. Muccitelli, 682 So.2d 77, 78 (Fla.1996), upon which the trial court relied, the supreme court affirmed this court's conclusion that a general release clause in a *960 property settlement agreement did not control over an ex-spouse's beneficiary designation in a life insurance policy. The court reasoned that the contract language in the insurance policy controlled, because generally insurance benefits pass outside of the estate when there is a beneficiary named and the insurance companies need an objective process to determine to whom the benefits should be paid. See id. at 78. The court noted that the property settlement agreement did not mention the insurance policy. See id. If the settlement agreement addressed the insurance policy and provided for a specific beneficiary, then the will would have controlled.
The facts in this case are similar to Cooper in that the Pension Plan benefits and the Credit Union account were not addressed in the property settlement agreement, there was a general release clause in the property settlement agreement, and both accounts required the deceased to name a beneficiary and to take particular steps in order to change the beneficiary. Mrs. Pope only had an expectancy in the benefits because the deceased could have changed the named beneficiary anytime during his lifetime. See Cooper v. Muccitelli, 661 So.2d 52, 53 (Fla. 2d DCA 1995), aff'd, 682 So.2d 77 (Fla.1996).
Like the insurance contract in Cooper, the Pension Plan provided that if the deceased did not name a beneficiary, the benefits would then pass to the estate and would be distributed according to the will. Even if the deceased had changed the designation to show Mrs. Waller as being the beneficiary, these funds would not have gone through the estate because the Credit Union and the Pension Plan trustee would have paid her directly, just as an insurance company would pay life insurance benefits to the designated beneficiary. Accordingly, we affirm the final judgment.
Affirmed.
BLUE and QUINCE, JJ., concur.