741 So.2d 1221 (1999)
Valerie VAUGHAN, Appellant,
v.
Marcia O'Dell VAUGHAN, Appellee.
No. 98-04521.
District Court of Appeal of Florida, Second District.
October 1, 1999.
*1222 Johnson S. Savary, Sarasota, for Appellant.
Susan J. Silverman, Sarasota, for Appellee.
SALCINES, Judge.
Valerie Vaughan ("daughter") appeals the final order on summary judgment in which the trial court determined that her mother, Marcia ODell Vaughan ("former wife"), was entitled to the proceeds of an insurance policy issued upon the life of Valerie's late father, attorney Byron Vaughan. Additionally, the trial court concluded that the former wife was entitled to the contents of Mr. Vaughan's Individual Retirement Account ("IRA"). We hold that the court erred in granting the former wife's motion for summary judgment and denying the daughter's motion concerning the disposition of the IRA. Accordingly, we reverse in part and remand for further proceedings.
Mr. Vaughan and the former wife filed for divorce. While the divorce was pending, Mr. Vaughan established the "Byron Vaughan Living Trust" on June 29, 1994. That trust was designated as the primary beneficiary of a $250,000.00 life insurance policy, the only asset in the trust.
One day prior to the entry of the final judgment of dissolution of marriage, a marital settlement agreement was executed. The agreement, dated December 14, 1994, provided that Mr. Vaughan was to pay permanent periodic alimony secured by a $250,000.00 life insurance policy. The agreement specified that the former wife was to be named as primary beneficiary of the life insurance policy; however, the designation was never changed on the existing life insurance policy, nor did Mr. Vaughan secure another life insurance policy with the trust as primary beneficiary.
Additionally, Mr. Vaughan owned an IRA with a value of $62,808.10. The former wife was the designated primary beneficiary of the IRA, and the daughter was the designated secondary beneficiary. In order to equalize the value of the retirement benefit, the marital settlement agreement required Mr. Vaughan to transfer $22,036.98 of the value of the IRA to the former wife. In January 1995, the funds were transferred in accordance with a qualified domestic relations order (the "QDRO"). The IRA beneficiary designation was not changed after execution of the settlement agreement or after the QDRO payment was made.
Mr. Vaughan died on August 27, 1997. The proceeds of the insurance policy were paid to the trustee for the benefit of the trust and the contents of Mr. Vaughan's IRA account were transferred to the former wife. Thereafter, the daughter filed a complaint which sought declaratory relief to determine the manner in which the proceeds of the insurance policy should be distributed and requested that the court award the proceeds of the IRA to her. The former wife filed a counterclaim contending that she was entitled to the entire proceeds of the insurance policy and to the IRA funds free of any claims of the daughter.
*1223 The daughter and the former wife both filed competing motions for summary judgment. After a hearing, the court entered an order denying the daughter's motion and granting the former wife's motion.
Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c).

The Insurance Policy
The court properly directed the trustee to pay to the former wife the proceeds of the insurance policy. The terms of the settlement agreement, entered into after the trust was created, provided that the former wife shall be the beneficiary of the insurance policy. We affirm that portion of the trial court's order concerning disposition of the proceeds of the insurance policy.

The IRA
The trial court concluded that the IRA beneficiary designation form was controlling and determined that the former wife retained her status as primary beneficiary after the divorce. In support of its decision, the court relied upon Cooper v. Muccitelli, 682 So.2d 77 (Fla.1996), which interpreted a settlement agreement as it related to an insurance policy. We conclude Cooper is not applicable and is distinguishable for two reasons. First, the insurance policy in Cooper was a term policy with no cash value and did not constitute a marital asset as did the IRA account at issue here. Second, in Cooper there was no reference to the insurance policy in the final judgment of dissolution. In the present case, not only did the final judgment reference the IRA, it set forth the portion of the IRA that the former wife was to receive, and did receive as a division of marital assets.
Further, the terms of the marital settlement agreement and final judgment of dissolution indicated that the parties released all claims and demands upon the estate of the other. It was acknowledged that the settlement agreement superseded any prior understanding or agreement between the parties. We conclude these specific provisions control over the IRA beneficiary designation and the former wife relinquished any further claim to the assets held in Mr. Vaughan's IRA. There being no disputed factual questions, we hold that the daughter was entitled to the remaining proceeds in the IRA and a summary judgment on that issue.
Accordingly, we reverse that portion of the trial court's order that declared the funds of the IRA to be the property of the former wife. This case is remanded to the trial court for entry of summary judgment on the IRA issue in favor of the daughter and to require the funds to be transferred to her.
Affirmed in part, reversed in part, and remanded for further proceedings.
BLUE, A.C.J., and GREEN, J., Concur.