919 So.2d 525 (2005)
Sandy SMITH, Appellant,
v.
Steven C. SMITH, et al., Appellee.
No. 5D04-3832.
District Court of Appeal of Florida, Fifth District.
December 16, 2005.
Rehearing Denied January 24, 2006.
*526 Alex Finch, Longwood, for Appellant.
Margaret A. Wharton of Margaret A. Wharton, P.A., Oviedo, for Appellee.
*527 MONACO, J.
The appellant, Sandy Smith, appeals a final summary judgment determining that a marital settlement agreement between Ms. Smith and her now deceased former husband, David Paul Smith, constituted a waiver of any claim that Ms. Smith might have to the proceeds of an insurance policy on the life of the decedent and on certain IRA and annuity accounts established by the decedent. Because the decedent failed to change the beneficiary designations on any of these policies and accounts, and because the trial court failed to apply the correct law in rendering the judgment, we reverse.
The facts are not materially disputed. The decedent and Ms. Smith entered into a marital settlement agreement preliminary to the dissolution of their marriage. The agreement was adopted by the trial court and incorporated into a final judgment of dissolution. The agreement contained provisions relating to the equitable distribution of certain of the assets of the parties, and contained, as well, a general release of claims. At the time the marriage was dissolved, each party was the named insured on certain term insurance policies having no present cash value, certain retirement plans, joint bank accounts, and other financial accounts for which one spouse was designated the primary beneficiary in the event of the death of the other spouse.
The marital settlement agreement, which was prepared by Ms. Smith and signed by both parties, attempted to divide the marital assets of the parties. The agreement identified the insurance polices in dispute, as well as various retirement plans, and as to the items in question indicated that "Husband shall receive as his own and Wife shall have no further rights or responsibilities regarding these assets." The agreement, however, made no mention of the proceeds or death benefits of the policies and plans.
The decedent, former husband, died about one and one-half years after the rendition of the final judgment of dissolution of marriage. The decedent never took the steps necessary to accomplish a change of beneficiary on the disputed policies and retirement plans in the manner required by any of the insurers or plan administrators, even though he was clearly authorized to effect a change of beneficiary by the marital settlement agreement. He, in fact, even acquired some change of beneficiary forms for some of the policies and plans, but never executed or filed them.
After the death of the former husband, Ms. Smith and the decedent's Estate both made claims to the disputed funds generated by the policies and plans. The insurers and plan administrators interpleaded the disputed funds, and Ms. Smith and the Estate filed cross-motions for summary judgment. The trial court granted the Estate's motion, and denied Ms. Smith's motion, holding that the marital settlement agreement acted as a waiver of any right Ms. Smith might have to the disputed funds. In this connection, the trial court said that:
The case law which controls this issue is Vaughan v. Vaughan, 741 So.2d 1221 (Fla. 2d DCA 1999). Although there is no Fifth Circuit [sic] opinion in this matter, this court is persuaded by the reasoning in Vaughan.

In Cooper v. Muccitelli, 661 So.2d 52 (Fla. 2d DCA 1995) ("Cooper I"), the Second District Court of Appeal held that "without specific reference in a property settlement agreement to life insurance proceeds, the beneficiary of the proceeds is determined by looking only to the insurance contract." Id. at 54. The Florida Supreme Court affirmed, saying that a *528 contrary holding would put insurance companies in an "impossible position." Cooper v. Muccitelli, 682 So.2d 77, 79 (Fla.1996) ("Cooper II"). The high court pointed out that despite specific and clearly worded language in an insurance contract, a carrier could never be certain to whom to pay the proceeds. The lesson from Cooper I and Cooper II is that while it may be possible in a marital settlement agreement to waive one's right as a beneficiary of insurance policies, that waiver can only be accomplished if the waiving party specifically gives up his or her rights to the "proceeds" of these policies.[1] Otherwise, one must look only to the beneficiary designation made by the insured and filed with the insurer.
In the present, case the marital settlement agreement fails to make specific reference to the proceeds of the life insurance policy in question, and the decedent, in the words of the Florida Supreme Court in Cooper II, "did just what he needed to ensure that the proceeds would go to [Ms. Smith]  he did nothing." Cooper II, 682 So.2d at 79. He had a year and a half to execute change of beneficiary forms as required by his policy of insurance, but for whatever reason, he did not do so. Thus, Ms. Smith is entitled to the proceeds of the life insurance policies.
The same result obtains with respect to IRA and retirement plan proceeds, as well. Once again, the marital settlement agreement did not mention a disposition of the proceeds of the plans and accounts, and the decedent never changed the beneficiary designations. Under these circumstances, courts "need look no further than the plain language of the policy" to determine who the decedent intended as beneficiary of the proceeds. See In re Estate of Dellinger, 760 So.2d 1016 (Fla. 4th DCA 2000). A pension plan benefit or credit union savings account where an exspouse is listed as a beneficiary and where the beneficiary remains unchanged would be treated in a similar manner, even where the settlement agreement provides a general release of spousal claims. See Waller v. Pope, 715 So.2d 958 (Fla. 2d DCA), review denied, 728 So.2d 206 (Fla.1998).
Ms. Smith also asserts that an ERISA preemption respecting certain of the assets also compels a reversal of the trial court's determination. The Estate concedes that at least two of the assets involved in this litigation are ERISA benefit plans. This includes an American Express account, which was a benefit plan arising from the decedent's prior employer, Lincare, and a life insurance policy with Aetna Life Insurance Co., Inc. of Wisconsin, made available through decedent's employment with the City of Sanford. We do not have to address the preemption issue, however.
In Egelhoff v. Egelhoff, 532 U.S. 141, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001), the Supreme Court announced that the test for determining whether ERISA preempts state law is whether a state statute or other state law has an impermissible connection with the ERISA plans. More particularly, one must look to whether the statute or law implicates an area of "core ERISA concern" which runs counter to ERISA's commands that a plan must specify the basis on which payments are made to and from the plan, and that the fiduciary shall administer the plan in accordance with the documents and instruments governing the plan. Where differing state regulations effect the system of an ERISA plan for processing claims and paying benefits, a burden is imposed on *529 ERISA that preemption was specifically intended to avoid.
Thus, the initial question under an Egelhoff analysis would be whether the Florida law concerning waivers contained in marital settlement agreements creates an impermissible connection with ERISA plans. Several federal circuit courts of appeal have held that under federal common law a named beneficiary under an ERISA plan can waive entitlement to benefits. See Rhoades v. Casey, 196 F.3d 592 (5th Cir. 1999), cert. denied, 531 U.S. 924, 121 S.Ct. 298, 148 L.Ed.2d 240 (2000); Estate of Altobelli v. Int'l Bus. Machs. Corp., 77 F.3d 78 (4th Cir.1996); Mohamed v. Kerr, 53 F.3d 911 (8th Cir.1995), cert. denied, 516 U.S. 868, 116 S.Ct. 185, 133 L.Ed.2d 123 (1995). A minority of the federal circuits follow the "plan document rule," which holds that a waiver executed in conformance with plan requirements must be utilized when changing or removing a beneficiary. See McMillan v. Parrott, 913 F.2d 310 (6th Cir.1990); Krishna v. Colgate Palmolive Co., 7 F.3d 11 (2d Cir. 1993). The Eleventh Circuit, while not specifically deciding the issue, seems to require a signed written notice to the plan administrator as a precursor to the changing of a beneficiary, but indicates that there is no specific form that is needed to accomplish the change. See Liberty Life Assur. Co. of Boston v. Kennedy, 358 F.3d 1295 (11th Cir.2004).
Assuming that there is a federal common law right of waiver associated with ERISA benefit plans, we need not confront the issue of whether the majority or minority rule applies in Florida. Under either rule Ms. Smith is entitled to prevail. The minority rule would require the execution of the particular documents referenced in the ERISA benefit plan to change the beneficiary. As the decedent did not execute such documents, Ms. Smith is entitled to prevail under that theory. The majority rule would still require a determination of what constitutes an effective waiver. Generally, federal circuits would look to state law for direction in this matter. See Metropolitan Life Ins. Co., Inc. v. Dunn, 243 F.Supp.2d 1358, 1362 (M.D.Fla.2003) (Florida Supreme Court's rulings in Cooper control in reference to required language in settlement agreement for effective waiver of proceeds of annuity policy). As Cooper II specifically addresses the requirements for an effective waiver, and as the parties were ineffective in their attempt at waiver as required by that case, Ms. Smith's position is again superior. Thus, whether the assets fall under ERISA or some other type of expectancy is not relevant; the result is the same when determining whether this particular marital settlement agreement was an effective waiver of Ms. Smith's named beneficial interests. Cooper II compels a determination that it was not.
Finally, we note that the trial court cited the Second District Court of Appeal's decision in Vaughan v. Vaughan, 741 So.2d 1221 (Fla. 2d DCA 1999), in determining that Ms. Smith effectively waived any interest that she might have had in the disputed IRA. The trial court was apparently unaware that two years later in Luszcz v. Lavoie, 787 So.2d 245 (Fla. 2d DCA 2001), the Second District, sitting en banc, receded from Vaughan, and held:
An IRA is a contract with an institution that involves a third party beneficiary designation. The rights of a spouse who has been named a beneficiary of an IRA arise from that contract, not from the marital relationship. Further, a beneficiary's rights to proceeds do not attach until the IRA owner's death. Until then, the beneficiary merely has an expectancy in the IRA because until the owner's *530 death, the owner can do with the IRA as desired, including changing the beneficiary designation or cashing out the account all together. [Citations omitted]. Upon the IRA owner's death, however, the beneficiary's expectancy becomes an interest that attaches to the proceeds of the IRA, and those proceeds pass directly to the beneficiary; they do not pass through the estate. [Citations omitted]. Unless the dissolution judgment requires a spouse to name a particular beneficiary as a condition of a dissolution of marriage, the owner of the IRA is free to name whomever desired as the beneficiary.... Upon the IRA owner's death, the institution need look no further than the IRA contract to determine the beneficiary. Otherwise, as pointed out by the Supreme Court in Cooper, the institution could never be certain whom to pay and would nearly always have to resort to going to court. In the end, it is the IRA owner's responsibility to change the beneficiary designation if a change is desired [footnote omitted]. Some marriages do end amicably and with a spouse desiring to maintain an exspouse as a beneficiary....
* * *
Accordingly, we recede from the IRA holding in Vaughan and conclude that the beneficiary designation in an IRA contract controls unless the IRA owner was required to designate a particular beneficiary as a condition of a dissolution of marriage.... Because an IRA is a contract with an institution, not with a spouse, this holding applies regardless of whether the parties to the dissolution have executed releases.
Luszcz, 787 So.2d at 248.
We, therefore, reverse the judgment of the trial court, and remand for entry of a judgment in favor of Ms. Smith in accordance with this opinion.
REVERSED.
THOMPSON and PALMER, JJ., concur.
NOTES
[1] Obviously, some other language such as "death benefits" would likely suffice.