SHEPHERD, J.
 

 We summarily reverse the trial court’s “Order on Respondent’s Exceptions to General Master’s Report and Recommendations” insofar as it states, “This Court finds that no reference was made in the Amended Family Mediation Unit Agreement incorporated by reference into the Final Judgment of Dissolution of Marriage to the Respondent’s beneficiary rights to the proceeds of the subject deferred compensation account.” Instead, we conclude, based upon de novo review, the general master correctly construed the statement in the Amended (Short Form) Family Mediation Unit Agreement that “Husband shall retain retirement money with the Town of Surfside and the Deferred Compensation Fund f/k/a Pepsco,” was sufficient to waive the former husband’s pre-dissolution designation of the former wife as a beneficiary.
 

 On this point, the general magistrate stated in his report and recommendation:
 

 During the course of the marriage, “Linda Crawford — wife” was named as the designated beneficiary of the Deferred Compensation Fund. However, Linda Crawford and Manuel R. Crawford agreed at the time of the signing of the amended mediated settlement agreement that Manuel R. Crawford should get the money from this fund and that he should be the beneficiary. Manuel R. Crawford could have reaffirmed the des
 
 *902
 
 ignation of Linda Crawford had he chosen to do so following the dissolution of marriage. The fact that he did not reaffirm Linda Crawford as the beneficiary of this account confirms his intent that he was the beneficiary of this fund and that the money from the fund remained his at all times following the dissolution.
 

 We conclude the general master’s analysis is the legally correct one.
 
 See Cooper v. Muccitelli,
 
 682 So.2d 77 (Fla.1996);
 
 Smith v. Smith,
 
 919 So.2d 525 (Fla. 5th DCA 2005).
 

 Reversed and remanded.