Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

Nos. 16-1067, 16-1211

CAROL DIANE COOPER and JOHN SCOTT COOPER, as Personal
Representative of the Estate of Peter M. Cooper, Jr., Deceased,

Plaintiffs, Appellants,

v.

ALYSSA JANE D'AMORE, f/k/a Alyssa J. Cooper,

Defendant, Appellee.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Torruella, Lynch, and Barron,
Circuit Judges.

Keith P. Carroll, with whom Andrew Nathanson and Mintz, Levin,
Cohn, Ferris, Glovsky and Popeo, P.C. were on brief, for
appellants.
Robert J. O'Regan, with whom Burns & Levinson LLP was on
brief, for appellee.

October 5, 2016

**Per Curiam**.  This is a dispute over the distributions from the assets of one Peter M. Cooper, Jr., who died in July 2012. The suit was brought by John S. Cooper, the executor of Peter Cooper's estate, and Carol Cooper, the mother of Peter Cooper and a primary beneficiary of the estate.  They have sued Alyssa J. D'Amore, Peter Cooper's ex-wife, claiming that her receipt of a distribution in the sum of $228,495 from an Individual Retirement Account ("IRA") was wrongful.

Three primary issues are presented on appeal:

1. Whether the district court abused its discretion when it sanctioned plaintiffs' then-counsel for misleading the court during summary judgment proceedings by failing to produce or discuss a document, the Delaware Charter IRA Trust Agreement, that the court thought was material to the issues as they had been framed by the parties.  We find no abuse of discretion and explain more fully below.  We thus affirm the sanctions order.

2. Whether the district court erred by entering summary judgment in favor of D'Amore.  The court's entry of summary judgment appears largely to have been based on the application of Delaware law.  It also appears to have been based on the court's rejection on reconsideration of three of plaintiffs' ancillary arguments, which they say would justify entry of summary judgment in their favor.  The parties agree that summary judgment for

D'Amore cannot be justified on the basis that Delaware law applied through the Delaware Charter IRA Trust Agreement.

That raises the question of whether a different argument -- that D'Amore was not the proper party for certain claims -- provides an alternative basis for at least partial affirmance. The district court reasoned that plaintiffs could not assert two claims against D'Amore, but only against a non-party, Mesirow Financial. For the reasons discussed below, we cannot affirm judgment for D'Amore on that basis. We remand to the district court for further limited proceedings. Nor have plaintiffs convinced us they are entitled to judgment on their arguments on which the court actually ruled.

However, we agree with the district court's conclusion that the Marital Settlement Agreement did not, under Florida law, waive D'Amore's right to the IRA, and so we affirm dismissal of that claim by plaintiffs.

3. The third purported appellate issue, whether the district court erred in denying reconsideration, is rendered moot by our remand and need not be discussed further.

I.

We eschew discussion of the facts, which are well known to the parties, and cut to the chase.

## A. Sanctions Order

We cannot usurp the role of the trial judge in sanction matters and can reverse only if there is an abuse of discretion. See Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003). There cannot be an abuse of discretion if a trial judge reasonably could have concluded that plaintiffs misled the court into adopting an erroneous legal conclusion during the summary judgment proceedings. See id. (abuse of discretion standard for reviewing sanctions order "is not appellant-friendly -- and a sanctioned litigant bears a weighty burden in attempting to show that an abuse occurred"). Further, trial judges must have some leeway in controlling the conduct of proceedings in their courts. See Barreto v. Citibank, N.A., 907 F.2d 15, 16 (1st Cir. 1990) (per curiam) ("Trial judges have considerable discretion in the selection and imposition of sanctions."). There was a reasonable basis for the trial judge to have taken the position he did, and so we affirm.

## B. Summary Judgment Ruling

To the extent summary judgment was entered on the basis that Delaware law applied throughout, as evidenced by the choice-of-law provision in the Delaware Charter IRA Trust Agreement, we do not think that document is dispositive, and no party suggests that it is. Even if that document controlled, the period of control of the Delaware Charter IRA Trust Agreement ended, at the

latest, on October 1, 2010, when Delaware Charter resigned as trustee of the IRA. As such, that document could not have controlled a distribution of the IRA assets in 2012.

We turn to the district court's December 8, 2015 denial of plaintiffs' motion for reconsideration disposing of three other issues, to see if other grounds exist on which an affirmance or partial affirmance can be based. See, e.g., Second Generation Props., L.P. v. Town of Pelham, 313 F.3d 620, 624 (1st Cir. 2002) (disagreeing with district court's rule, but affirming on other grounds). We also look at plaintiffs' argument to the district court that judgment must be entered in their favor.

1. Status of Mesirow As a Non-Party

If, as the district court held, plaintiffs should have sued Mesirow, not D'Amore, on plaintiffs' conversion and restitution claims, that might be an alternative basis to affirm dismissal of those claims. The district court ruled that any claims arising out of the proper execution of the Mesirow IRA cannot stand against D'Amore as the sole defendant.

Plaintiffs' summary judgment papers asserted theories concerning breach of the Mesirow Custodial Account Agreement and transfer of assets to TD Ameritrade, and their complaint brought conversion and restitution claims against D'Amore. The district court sua sponte held that these claims could solely be asserted in a suit against Mesirow, which has not been made a defendant in

this action.  With respect, we disagree with the district court's adoption of that theory.  D'Amore now holds funds from the IRA and was a proper defendant against whom plaintiffs could assert the claim of wrongful distribution.  We cannot affirm entry of summary judgment as to those theories on the grounds utilized by the district court.

2.  Rejection of Marital Settlement Agreement Argument by Plaintiffs

In the interest of expediting further proceedings, we do agree with the entry of summary judgment against one of plaintiffs' theories under Florida law.  For the reasons it stated, the district court correctly rejected the plaintiffs' argument that D'Amore waived her rights under Florida law to the IRA account when she entered into the Marital Settlement Agreement.  See, e.g., Crawford v. Barker, 64 So. 3d 1246, 1248 (Fla. 2011) ("General language in a marital settlement agreement, such as language stating who is to receive ownership, is not specific enough to override the plain language of the beneficiary designation in the separate document."); Cooper v. Muccitelli, 682 So. 2d 77, 79 (Fla. 1996) (same).  We affirm that ruling.

II.

We reject the invitation from both parties to decide certain issues of Illinois and Florida law ab initio.  The district court should decide them in the first instance.

We vacate the entry of summary judgment, except as noted, and remand for further proceedings in accordance with this opinion.

We also urge the parties to utilize again the services of this court's CAMP settlement program, in light of this ruling.

No costs are awarded.