SCROGGINS *v.* OSBORN COMPANY.

Opinion delivered March 24, 1930.

*Morrow & Williams,* for appellant.

*Hugh Basham,* for appellee.

McHANEY, J. Appellant, as administrator of the Wm. Scroggins estate, on September 9, 1926, filed his report and settlement with the clerk of the probate court of Johnson County. On January 17, 1928, no exceptions having been filed by any heir or creditor, the probate court made an order approving same. The next day the appellees who claim to be creditors took an appeal to the circuit court, and at the May term, 1929, the latter court, on a trial *de novo* found that the probate court erred in allowing appellant $1,003.74 for expenses incurred in administering said estate, and also in allowing him credit for $2,698.25 paid on the fourth class claim of Beal-Burrow Dry Goods Company against said estate.

From this judgment of the circuit court there is an appeal and cross-appeal.

As to the first item above mentioned, it appears from the record that the probate court first allowed appellant $1,385.57 as commissions due for handling the estate, but on appeal to the circuit court, at the October term, 1926, the court found that appellant was only entitled to $381.83 as fees for his services as administrator, for which judgment was rendered, and disallowed the sum of $1,003.74. This judgment was certified back to the probate court, and no appeal was prosecuted to this court, and it has therefore become *res judicata* as to the amount of fees or commissions due the appellant as administrator. Thereafter on January 17, 1928, the probate court entered the order approving the report and settlement heretofore mentioned, in which the sum of $381.83 was allowed as commissions in compliance with the judgment of the circuit court. But the court also found "that the administrator has made numerous trips from his home to Lamar, Arkansas, in the handling of said estate, and that the said administrator has been put to great expense in said matter, it is therefore the order of the court that said administrator have the sum of $1,003.74, in addition to this said commission, to compensate him as expenses in the handling of said estate." The law fixes the administrator's compensation for his services, § 183, C. & M. Digest, and no additional compensation may be allowed, either as expenses or otherwise. True, he is entitled to his ordinary expenses actually incurred in the administration of the estate, but in such case he should file an itemized statement of such expenses showing the necessity therefor, and that they were incurred for the benefit of the estate. Here appellant did not file an itemized statement or any other statement showing the amount of his expenses. He merely stated in his report that he had "been to considerable expense * * * made numerous trips from DeQueen, Arkansas, to Clarksville, * * * and that he believes

\* \* \* he ought to be paid for the expense of said trips.'' He asked the court to allow him such an amount for expenses as ''the court may deem proper.'' This was an insufficient showing to justify the court to make an allowance for expenses, and the circuit court properly disallowed it on the face of the record, since there was no evidence introduced in the circuit court tending in any way to justify this allowance.

As to the second item for $2,698.25 paid to Beal-Burrow Dry Goods Company on a fourth-class claim, appellant's report and settlement does not show that he took credit therefor therein. The proof shows the claim was paid in February, 1926, and the report was filed in September, 1926. If appellant paid the claim, he should have taken credit for it in his account. Since he did not do so, we think it was error to surcharge his account in this respect.

Appellees have cross-appealed, contending that the court erred in allowing the widow dower in the sum of $5,776.07 and in allowing appellant credit in his account for the sum of $6,045.64 paid to various creditors on account as shown in his report. We do not agree with this contention. If appellees complained of these items in the circuit court, the record does not show it. They filed no exceptions to the report in the probate court, and none in the circuit court. It was not necessary that they do so in the probate court in order to appeal to the circuit court, as contended by appellants, as this court has held to the contrary. *Stricklin* v. *Galloway*, 99 Ark. 56, 137 S. W. 804. See also § 2258, C. & M. Digest. But in the circuit court on appeal we think the appellees should have filed exceptions in writing challenging the particular items objected to. 3 Woerner on American Law of Administration, p. 1848-1849.

Moreover, appellees did not file a motion for a new trial, and are therefore in no position to complain of the above items.

The case will therefore be reversed and remanded as to the item $2,698.25, and in all other respects it will be affirmed. It is so ordered.