HILL *v.* ZANONE.

Opinion delivered November 2, 1931.

*R. E. Wiley,* for appellant.

*L. C. Auten* and *Carl E. Bailey,* for appellee.

BUTLER, J. The question in this case involves the right of the executor to commissions for the administration of the estate of R. B. Oliver, and comes to this court on exceptions to the claim of the executor for credit on his final settlement for commissions, which exceptions were sustained by the trial court and the credit asked was denied.

The clause of the will upon which the trial court based its finding is as follows: "I * * * do hereby appoint as my executors to serve without bond and without pay my son-in-law, Dr. Joe Zanone, my partners, D. B. Hill and J. H. Oliver." The persons named offered the will for probate and applied for letters testamentary. The will was admitted to probate and letters testamentary ordered issued, requiring however, (the desire of the testator notwithstanding) that the applicants for letters be required to give bond in the sum of $50,000 for the performance of their duties. From the statement made in appellant's brief it appears that the probate court discovered that Dr. Zanone was a nonresident and eliminated his name from the petition by marking it out with a pen. Contemporaneously with the order appointing the executors, J. H. Oliver, one of the executors, filed his written resignation as such, and the court made an order accepting the same. D. B. Hill was the only one of those named in the will as executors and appointed by the court who qualified and proceeded with

the administration of the estate, satisfactorily accounting for a sum slightly in excess of $190,000.

At common law executors and administrators were not entitled to compensation for their personal trouble and loss of time in the discharge of their duties, and it is only by the direction of the testator or where the will is silent, that compensation is allowed by virtue of the statute. In some States, where no provision for compensation is made by statute or in the will, the courts allow reasonable compensation, and in one jurisdiction (Maryland) it has been held that, since the statute allows commissions for the administration of an estate, the will cannot deprive the executor of that right; but in Woerner's American Law of Administration (3d ed.), it is said: "The current of authorities, however, is that, if the testator has given a legacy in lieu of commissions or imposed upon his executors the condition that they should not have commissions, the court cannot defeat the provision of the will." Volume 3, p. 1827-28. That rule has been adopted in this State.

"While there is some conflict in the authorities, the great weight of authority sustains the proposition that a testator can fix the compensation of his executor. * * * If the executor named in the will is not willing to serve for the compensation fixed by the will, he is not required to serve, but may decline to do so." *Gordon* v. *Greening,* 121 Ark. 617, 182 S. W. 272.

"In this connection, it may be stated that, when the trustee accepts the trust and qualifies and enters upon the discharge of his duties as such trustee, he accepts the trust upon the conditions named in it and is entitled to no other or greater compensation than the will allows." *James* v. *Echols,* 183 Ark. 826-830, 39 S. W. (2d) 290.

It is the opinion of the majority that, although the court required bond against the express wish of the testator, and one of the executors named was disqualified and another resigned, Hill by undertaking to administer the estate brought himself within that clause of the

will requiring him to serve without compensation and therefore the rule announced in the above authorities applies to him, and the order denying him compensation was correctly made and must be upheld; that this is true notwithstanding the fact that the executor might have been advised that he would be entitled to compensation or that his consent to act was induced by the solicitation of the beneficiaries under the will. Hill offered testimony to establish this state of facts, which testimony was refused by the trial court; but, as this evidence was immaterial, the court committed no error in refusing to permit its introduction.

It is the view of the CHIEF JUSTICE and of Mr. Justice KIRBY, in which the writer concurs, that, because of conditions which arose not contemplated by the testator, and which are reflected by the record itself, the administration by Hill was equivalent to that of administrator with the will annexed; that the rule heretofore announced does not apply, and that the executor is entitled to a reasonable commission not exceeding that fixed by the statute.

The appellant suggests that the character of the transactions as reflected by the account and settlement shows that the executor is bound to have incurred expenses in the administration of the estate, and that, if we should conclude that he is not entitled to commissions, he asks that he be given an opportunity to show the amount of the expenses incurred and for such to be allowed and paid to him out of the estate. Appellee replies that this question was not raised in either the probate or circuit court. This is true, but it does not follow that the executor would not be entitled to his legitimate expenses in the administration of the estate, and may not yet file his claim therefor. *Hilton* v. *Hilton* (Ky.) 109 S. W. 905; *Adamson* v. *Parker*, 74 Ark. 168-172, 85 S. W. 239. In *James* v. *Echols, supra,* it is said: "It may also be stated for the future guidance of the court that the executor was entitled to credit for personal expenses necessarily and reasonably incurred by him in trans-

acting the business of the estate, but he must prove the particular items of expense and cannot claim the amount of a gross sum without a specification of particular items. He would be entitled only to traveling expenses *bona fide* incurred and such other expenses as must necessarily be incurred in the court and management of the estate. All expenses of this kind are regarded as expenses of administration." *Holland* v. *Doke,* 135 Ark. 372, 205 S. W. 648; *Scroggins* v. *Osborn Co.,* 181 Ark. 424, 26 S. W. (2d) 95. Therefore the executor may present his claim to the probate court for expenses incurred in the administration of the estate of the character and in the manner prescribed in *James* v. *Echols, supra.*

Affirmed.