LINDY GRAMLING *v.* HENRY BALTZ, D/B/A
LAWRENCE COUNTY EQUIPMENT Co. AND
INTERNATIONAL HARVESTER COMPANY,
A FOREIGN CORPORATION

5-5905                                485 S.W. 2d 183

Supplemental Opinion on Denial of rehearing
delivered October 23, 1972
Original Opinion delivered June 26, 1972

*Ray Goodwin,* for appellant.

*Henry Ponder* and *John C. Calhoun,* for appellees.

FRANK HOLT, Justice. On rehearing International Harvester Company contends that it made no warranty of fitness and that the court erred in holding International's exclusionary language was not sufficiently conspicuous to preclude consequential damages.

On the record as abstracted the evidence is insufficient to show an implied warranty of fitness. However, there is ample evidence to support appellant's claim to the implied warranty of merchantability. Ark. Stat. Ann. § 85-2-314 (Add. 1961). Of course, on a new trial the evidence will not necessarily be the same, but proof of either warranty was sufficient to warrant the submission of the damage issues to the jury.

With reference to the second point argued on rehearing, International contends as follows:

"The other oversight was in the assumption that because the International Harvester Company's disclaimer is "inconspicuous" as a matter of law, it is also unenforceable. We conceded the former, but there is absolutely no requirement in the Uniform Commercial Code that a limitation of remedy to repair of defects and excluding damages must be 'conspicuous.' "

In one respect International is correct. By Ark. Stat. Ann. § 85-2-719 (3) (Add. 1961) the only restriction on the limitation or exclusion of consequential damages is that such limitation or exclusion cannot be "unconscionable." However, it does not follow that consequential damages were here limited or excluded. International's "New Motor Vehicle Warranty" and "Five Star Warranty on Major Components" after warranting ". . . each new International motor vehicle to be free from defects in material and workmanship under normal use and service. . ." then provides: "This warranty is in lieu of all other warranties, express or implied, . . ., and all other obligations or liabilities, including liability for incidental and consequential damages . . ." When we consider that "in lieu of" means "in the place of" or "instead of," then International's alleged disclaimer can amount to nothing more than an assertion that the *warranty* against defects in material and workmanship is in the place of all "liability for incidental and consequential damages." Such an assertion falls short of a limitation or exclusion. In this respect it differs little from the "Standard Warranty" which we held defective as a disclaimer in *Marion Power Shovel Co.* v. *Huntsman,* 246 Ark. 152, 437 S.W. 2d 784 (1969).

It would have been easy for International to have provided in clear and unmistakable language that it would not be liable for consequential damages, as was the case in *Southwest Forest Industries, Inc.* v. *Westinghouse Elec. Corp.,* 422 F. 2d 1013 (9th Cir. 1970), Cert. den. 400 U.S. 902, 91 S. Ct. 138, 27 L. Ed. 2d 138 (1970). Here the alleged disclaimer does not provide that the

limitation of remedy for breach of the *express warranty* is in lieu of consequential damages for breach of implied warranties.

In this respect, the warranty here does not differ materially from that involved in *Ford Motor Co.* v. *Reid*, 250 Ark. 176, 465 S.W. 2d 80 (1971). In that case we called attention to the difference between obligations and remedies, holding that, under Ark. Stat. Ann. § 85-2-719 (1) (b) which provides that resort to a remedy provided is optional, unless the remedy is expressly· agreed to be exclusive, there must be language in the warranty form expressly stating that the repair remedy is exclusive of any other remedy the buyer might have. The exclusionary language in the warranty given Gramling is no more express than that in the Ford Motor Co. warranty.

For the reasons herein stated the petition for rehearing is denied.

HARRIS, C. J., and GEORGE ROSE SMITH, J., would grant the rehearing.