VALMAC INDUSTRIES, Inc. *v.*
CHAUFFEURS, TEAMSTERS & HELPERS
LOCAL UNION NO. 878 Affiliated with the
International Brotherhood of Teamsters,
Chauffeurs, Warehousemen and
Helpers of America

76-171                                              547 S.W. 2d 80

Opinion delivered March 7, 1977

254

*Bridges, Young, Matthews & Davis,* for appellant.

*Laser, Sharp, Haley, Young & Boswell,* for appellee.

MARIAN F. PENIX, Special Justice. Appellant Valmac Industries, Inc. and appellee Chauffeurs, Teamsters and Helpers Local Union No. 878, Affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, entered into a negotiated contract. This contract contained the following automatic renewal provision:

> "This Agreement shall become effective January 19, 1972, and shall remain in full force and effect until January 18, 1975, and shall continue in force from year to year thereafter unless written notice of desire to cancel or terminate this agreement is served by either party upon the other at least sixty (60) days before the expiration date."

In the following section the contract provided:

"Where no such cancellation or termination notice is served and the parties desire to continue said Agreements but also desire to negotiate changes or revisions in the Agreements, either party may serve upon the other a notice at least sixty (60) days prior to the expiration date or the expiration date anniversary in any subsequent contract year, advising that such party desired to revise or change terms or conditions of such Agreements."

Neither party served written notice of desire to cancel or terminate prior to the expiration date of January 19, 1975. On November 13, 1974 an agent of the appellee served written notice upon appellant of appellee's desire to revise and/or change terms and/or conditions of the contract for the period of time beginning January 18, 1975. This written notice of appellee's desire to revise or change is not tantamount to a written notice of desire to cancel or terminate. If this were the case, each time a party to this type of negotiated contract indicated a desire to revise or change, he would place himself in peril of terminating the contract altogether. There was a very good reason for two sections to be placed together in the contract. Each party wanted a method of suggesting a change or revision without the risk of terminating the contract. The appellant cites many cases involving labor contracts. The two sections in this contract were written into the contract to avoid the situations arising in the cited cases.

The problem existing in this case is contractual. This Court has held in *Stoops* v. *Bank of Brinkley*, 146 Ark. 127, 135, 225 S.W. 593, 595 (1920), and again in *Lee Wilson & Co. et al* v. *Fleming*, 203 Ark. 417, 156 S.W. 2d 893 (1941):

"The first rule of interpretation is to give to the language employed by the parties to a contract the meaning they intended, and it is the duty of the court to do so from the language used where it is plain and unambiguous."

The language of the contract between appellant and appellee is plain, clear and simple, and expresses the intent of the parties at the time the contract was executed. To construe the appellee's letter desiring revision or change as notice of

termination would be to take from the parties their rights to contractually agree upon a lawful procedure for the termination or revision of their labor agreement.

Appellant has plead equitable estoppel. The elements of equitable estoppel are not present. In *Tarver v. Taliaferro*, 244 Ark. 67, 423 S.W. 2d 885 (1968) this court stated:

"Estoppel involves the conduct of both parties and exists when the fault of one party induces the other to detrimentally alter his position."

The appellee never stated nor wrote that they considered the contract terminated, therefore there was nothing for the appellant to rely on to its own detriment.

Accordingly, we affirm.

Special Justice DAMON YOUNG joins in this opinion.

HARRIS, C.J., and HOLT, J., not participating.

BYRD, J., dissents.