Betty BOLDING  *v.*  David NORSWORTHY,
Executor of the Estate of Harold Deaton Norsworthy, Deceased

CA 07-469                                           270 S.W.3d 394

Court of Appeals of Arkansas
Opinion delivered December 19, 2007

[Rehearing denied January 23, 2008.]

*Compton, Prewett, Thomas & Hickey, LLP*, by: *Floyd M. Thomas, Jr.*, for appellant.

*Vickery & Carroll, P.A.*, by: *Ian W. Vickery*, for appellee.

SARAH HEFFLEY, Judge. Appellant Betty Bolding appeals the trial court's order awarding ownership of approximately $50,000 in bank account funds to her late brother's estate. Appellant contends that the trial court erred in its determination that she was not entitled to the funds as a joint owner with right of survivorship. We find no error in the trial court's judgment and affirm.

The dispute in this case concerns a savings account opened on April 6, 1987, in the name of Harold Deaton Norsworthy, appellant's brother. The signature card on the account contained the signatures of both Harold Norsworthy and appellant. On February 15, 2006, Harold Norsworthy passed away, and appellant withdrew all of the funds in the account, approximately $50,000, and placed them in her own personal account. On June 19, 2006, David Norsworthy, son of the decedent and executor of the decedent's estate, filed a complaint in Union County Circuit Court, arguing that appellant was not a joint owner of the account and that the money in the account should be returned to the estate. Appellant answered the complaint and alleged that she was the rightful owner of the money as the account was held in joint tenancy with right of survivorship.

A bench trial on the matter was held on February 23, 2007. Rodney Landes, Jr., president of the bank at which the account was held, testified that it was possible to have a single owner of an account but have several people sign on the account. Mr. Landes also read the language of the signature card at issue, which stated in pertinent part:

A,    Mr. Harold D. Norsworthy

and B,

and C,

as joint tenants with right of survivorship, and not as tenants in common, and not as tenants by the entirety, *the undersigned hereby apply for a savings account* in First Federal Savings and Loan Association of El Dorado [now First Financial Bank] *and for the issuance of evidence thereof in their joint names, described as aforesaid.* You are directed to act pursuant to any one or more of the *joint tenant signatures shown below* in any manner in connection with this account and without limiting the generality of the foregoing to pay without any liability for such payment to anyone or the survivor or survivors

at any time. This account may be pledged in whole or in part as security for a loan made by you to one or more of the undersigned. Any such pledge shall not operate to sever or terminate either in whole or in part the joint tenancy estate and relationship reflected in or established by this contract. It is agreed by the signatory parties with each other and by the parties with you that any funds placed in or added to the account by any one of the parties are and shall be conclusively intended to be a gift and delivery at that time of such funds to the other signatory party or parties to the extent of his or their pro rata interest in the account.

. . .

A. /s/ Harold Norsworthy   P.O. Drawer C
           Smackover, AR 71762
B. /s/ Betty Bolding
C.

(Emphasis added.) As the card illustrates, there was only one name that was "aforesaid," but there were two names as the "undersigned." Mr. Landes explained that his impression was that Harold Norsworthy was the owner of the account and appellant was an authorized signer, meaning she had the authority to write checks on the account.

Appellant testified that her brother added her name to the account in order to compensate her for caring for him in his later years, and her brother had never told her that she was to distribute the money to his children at his death. When questioned about the creation of the account in 1987, appellant first asserted that she did not sign the signature card at the bank and did not accompany her brother to the bank. But appellant later admitted that she had testified in an earlier deposition that she had been cleaning her brother's house one day and "I found this thing that had my name and his on the bank deposit — I mean, on the deposit slip, so he had me sign the paper at the bank, which he didn't tell me exactly what it was then."

In a judgment filed March 23, 2007, the trial court gave credence to Mr. Landes's testimony that the bank recognizes a distinction between ownership of an account and access to an account. The trial court concluded that the signature card that created the account was ambiguous, as it makes reference to the "undersigned," which would include appellant, and then makes a contradictory reference to the joint names as "aforesaid," which

would refer only to the decedent. The court therefore considered other factors, such as: (1) the social security number listed on the account was that of the decedent; (2) the account was funded by the decedent; (3) appellant did not contribute to the account or pay taxes on its interest earnings; (4) there is no other writing to indicate appellant's ownership of the funds or a gift to her through survivorship of the decedent. The court acknowledged that appellant had the power to withdraw the funds in the account, but concluded "that power does not equate to ownership of the funds." The court found that ownership of the funds rested with the estate and ordered appellant to remit the remaining funds to appellee. Appellant then filed a timely notice of appeal to this court.

In bench trials, the standard of review on appeal is not whether there is substantial evidence to support the findings of the circuit court, but whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence. *Parker v. BancorpSouth Bank*, 369 Ark. 300, 253 S.W.3d 918 (2007). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. *Id.* Disputed facts and determinations of credibility are within the province of the fact-finder. *Simmons v. Dixon*, 96 Ark. App. 260, 240 S.W.3d 608 (2006).

On appeal, appellant argues that the trial court erred because Ark. Code Ann. § 23-37-502 (Repl. 2000) creates a conclusive presumption that opening a savings account in the name of two or more persons is evidence that both parties intended to vest title in the account to the survivor upon the death of the other. Section 23-37-502 provides:

> Savings accounts may be opened in any association or a federal association in the names of two (2) or more persons . . . and the savings accounts may be held as follows:
>
> (1)(A)  If the person opening the savings account fails to designate in writing the type of account intended, or if he designates in writing to the association that the account is to be a "joint tenancy" account or a "joint tenancy with right of survivorship" account, or that the account shall be payable to the survivors of the persons named in the account, then the account and all additions thereto shall be the property of those persons as joint tenants with right of survivorship.

. . .

(C) The opening of the account in this form shall be conclusive evidence in any action or proceeding to which either the association or the surviving parties is a party, of the intention of all of the parties to the account to vest title to the account and the additions thereto in the survivors.

Appellant argues that in this case, her signature and the decedent's signature on the bottom of the bank card is sufficient to satisfy the statute and create the presumption of right of survivorship.

■ Appellant's argument in this regard begs the question, however, of whether this particular writing sufficiently designated the account as a joint tenancy with right of survivorship. Appellant fails to address the trial court's finding that the document was ambiguous, and instead only argues that the trial court erred in conducting a "factual inquiry" into the ownership of the funds. But our case law has made clear that where there is uncertainty of meaning in a written instrument, an ambiguity is present, and parol evidence may be admitted to prove an independent, collateral fact about which the written contract was silent. *Alexander v. McEwen*, 367 Ark. 241, 239 S.W.3d 519 (2006). We find that the trial court's finding of ambiguity and subsequent consideration of extraneous evidence was not clearly erroneous.

■ Appellant also argues that there was not sufficient evidence presented to show that the decedent intended the funds to pass to his estate and that the trial court improperly imposed what amounts to a constructive trust without evidence to support such an action. As to the sufficiency of the evidence, that argument has been addressed in the point above. As to the imposition of a constructive trust, we agree with appellee that the argument is without merit, as the trial court simply ordered the funds returned to the estate and made no indication that it was creating a constructive trust. Overall, we find that the trial court's findings in this case were not clearly erroneous, and we accordingly affirm the judgment.

Affirmed.

GLOVER and BAKER, JJ., agree.