2009 Ark. App. 336
**Harold CRANE, Appellant,**

v.

**Melissa TALIAFERRO, Appellee.**

**No. CA 08–1216.**

Court of Appeals of Arkansas.

April 29, 2009.

Rehearing Denied May 27, 2009.

Jerry D. Patterson, Marshall, for appellant.

Helen Rice Grinder, Conway, for appellee.

RITA W. GRUBER, Judge.

The question before us is whether appellant Harold Crane and appellee Melissa Taliaferro are legally married for purposes of Arkansas law. The Searcy County Circuit Court found that the parties were not married and therefore dismissed appellant's complaint for divorce for lack of subject-matter jurisdiction. Appellant contends that a common-law marriage exists between the parties and that the circuit court erred in finding otherwise. We find no error and affirm the circuit court's order dismissing appellant's complaint.

## I. Facts

Appellant and appellee met in either 1981 or 1982 in Texas while appellee was completing her residency after graduation from medical school. In 1982 they moved to Leslie, Arkansas, where they both continue to live, and appellee set up the Leslie Medical Center. In April 1984, the parties were married in a ceremony at the home of appellee's parents in Mount Pleasant, Texas. Neither of the parties resided in Texas at this time. They did not obtain a marriage license or certificate of marriage in either Texas or Arkansas. At a hearing on appellee's motion to dismiss, appellee testified that their decision not to obtain a license was purposeful under the belief that their marriage was a contractual arrangement and "the government cannot interfere with the right to contract." Appellant testified that they did not obtain a license because it is a "God given right for a man and a woman to get married, without asking the government."

In 1984, after the ceremony, appellee accepted an offer from a doctor in Texas, Dr. Sessions, to enter into a six-month apprenticeship in alternative medicine. Appellee testified that she stipulated in the contract that she would not move to Texas because Dr. Sessions was concerned about revealing his methods to someone who might compete with him. She maintained her residence in Leslie and lived in Dr. Sessions's basement in Texas during the six-month apprenticeship. She returned to Leslie after the apprenticeship and continued her practice in Leslie.

During appellee's testimony, her voter-registration card for Searcy County dated October 1984 was introduced, indicating that her residence was Leslie and that she had been a resident of Leslie for two years. Her tax returns for the years 2003, 2005, 2006, and 2007 were also introduced, in which appellee filed as a single person with no dependents. She testified that appellant prepared her returns. Appellant never filed any returns for himself.

This case arose from an amended complaint for divorce filed by appellant on April 3, 2008. To establish jurisdiction, he alleged that the parties had been residents of Searcy County for more than six months and that the parties were lawfully married in Mount Pleasant, Texas, on April 14, 1982. Appellee filed a motion to dismiss the complaint for lack of subject-matter jurisdiction, alleging that the parties had never been, nor intended to be, lawfully married. She alleged the following: no certificate of marriage was filed in the State of Texas, Arkansas does not recognize common-law marriages, and the elements for a valid common-law marriage in Texas were not present in this case. The circuit court held a hearing, took testimony and other evidence, and entered an order granting appellee's motion to dismiss, finding "that there is no basis for which this Court can find that a common-law marriage existed between [the parties]" and dismissing the case for lack of jurisdiction. The court noted in its order that a marriage ceremony was conducted but that the basis for the ceremony was to legitimize the marriage in the eyes of God

and not in the eyes of the government. The court further found that there never was, and never could be, a valid marriage under the laws of the State of Texas because the parties were not residents of the State of Texas while holding themselves out to be husband and wife.

## II. Standard of Review

We review a circuit court's findings of fact from a bench trial for clear error, giving due regard to the opportunity of the circuit court to judge the credibility of the witnesses. *See* Ark. R. Civ. P. 52(a); *see also Neal v. Hollingsworth,* 338 Ark. 251, 992 S.W.2d 771 (1999). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. 338 Ark. at 261, 992 S.W.2d at 776.

## III. Validity of Common–Law Marriage

■ Appellant's first point on appeal is that the circuit court erred as a matter of law in determining that he and appellee did not have a valid common-law marriage under Texas law. He argues that they were married in a ceremony in 1984 and lived together as husband and wife from 1984 until they separated in 2008. We turn to the applicable law.

■ Under Arkansas law, marriages that "would be valid by the laws of the state or country in which the marriages were consummated and *in which the parties then actually resided* shall be valid in all courts in this state." Ark.Code Ann. § 9–11–107(a) (Repl.2008) (emphasis added). It is undisputed that no legal document of marriage—either an Arkansas marriage license or a Texas certificate of marriage—exists. Further, common-law marriages may not be created by law in Arkansas, although our courts do recog-

nize marriages contracted by law in other states. *Brissett v. Sykes,* 313 Ark. 515, 517, 855 S.W.2d 330, 332 (1993). So, did a common-law marriage exist between the parties under Texas law? "A party seeking to establish the validity of a common law marriage must show a substantial relationship of long duration in the common law marriage state." *Id.* (citing *Standridge v. Standridge,* 298 Ark. 494, 769 S.W.2d 12 (1989)).

At the time the parties were married in 1984, proof of a common-law marriage under Texas law required "1) an agreement presently to be married; 2) living together *in this state* as husband and wife; and 3) holding each other out to the public *in this state* as husband and wife." *Texas Employers' Ins. Ass'n v. Borum,* 834 S.W.2d 395, 399 (Tex.Ct.App.1992) (emphasis in original). The court indicated that the highlighted language in sections (2) and (3) precluded proof of a common-law marriage "when the acts occurred in a state other than Texas." *Id.* The court in *Borum* affirmed an order granting summary judgment finding that no common-law marriage existed because all of the evidence supporting the alleged common-law marriage occurred in Kentucky, not Texas. Like Arkansas, Kentucky did not recognize common-law marriage.

Turning to the facts in this case, there was no evidence presented that the parties lived together in Texas after 1982, much less after the ceremony in 1984. The ceremony was held at the home of appellee's parents in Texas; however, both appellee and appellant lived in Leslie, Arkansas, at the time. The only evidence that either party spent time in Texas after the ceremony was the testimony regarding appellee's apprenticeship with Dr. Sessions. Moreover, it was undisputed that appellee maintained her residence in Leslie during the apprenticeship and stayed in Dr. Ses-

sions's basement during the six-month period. While appellant argues in his brief that he and appellee cohabitated in Texas for six months shortly after their marriage ceremony, his citation is to the argument of appellee's counsel at the hearing that, during appellee's "internship" with Dr. Sessions, appellant "came and went" and "they lived together in the basement as husband and wife." However, we find no testimony or other evidence to suggest that appellant was ever in Texas during the apprenticeship, much less living with appellee as husband and wife. Counsel's argument is not evidence. Accordingly, we hold the circuit court did not clearly err in finding that no common-law marriage existed between the parties and, therefore, in dismissing the complaint for lack of subject-matter jurisdiction.

### IV. Judicial Estoppel

For his second point on appeal, appellant asserts that appellee's contention that she was never legally married to appellant violates the doctrine of judicial estoppel by inconsistent positions. We decline to address this argument as appellant neither raised this issue nor obtained a ruling in circuit court, and we will not consider arguments raised for the first time on appeal or when a party has failed to obtain a ruling from the circuit court. *See, e.g., Beverly Enterprises–Arkansas, Inc. v. Thomas,* 370 Ark. 310, 316, 259 S.W.3d 445, 449 (2007) (holding failure to argue elements or obtain ruling on judicial estoppel precluded review).

Affirmed.

PITTMAN and ROBBINS, JJ., agree.