LEWIS, J.,
dissenting.
I dissent because I agree with the logical, sound recommendation articulated by the general magistrate and accepted by the Third District Court of Appeal below:
*1258 During the course of the marriage, “Linda Crawford — wife” was named as the designated beneficiary of the Deferred Compensation Fund. However, Linda Crawford and Manuel R. Crawford agreed at the time of the signing of the amended mediated settlement agreement that Manuel R. Crawford should get the money from this fund and that he should be the beneficiary. Manuel R. Crawford could have reaffirmed the designation of Linda Crawford had he chosen to do so following the dissolution of marriage. The fact that he did not reaffirm Linda Crawford as the beneficiary of this account confirms his intent that he was the beneficiary of this fund and that the money from the fund remained his at all times following the dissolution.
Barker v. Crawford, 16 So.3d 901, 901-02 (Fla. 3d DCA 2009).
I cannot join my colleagues in the majority because the decision today penalizes would-be litigants who turn to mediation as an alternative, cost-efficient form of dispute resolution in domestic matters. Mediation is designed and intended to be an informal mechanism that parties can utilize as an alternative to the formalistic rigors of litigation. See § 44.1011, Fla. Stat. (2010) (defining mediation as “an informal and nonadversarial process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement.” (emphasis supplied)). The majority decision now requires parties that participate in mediation to specify not only the allocation of specific assets, but also the allocation of those assets as they may exist in a future legal state. In essence, the majority opinion presumes that any asset mentioned in mediated settlement is presumed to be a life interest in that asset, as opposed to the more logical conveyance in fee simple absolute.
Mediation can only achieve the goal of “helping the disputing parties reach a mutually acceptable and voluntary agreement” if the intent of the parties is honored, as opposed to a court changing the effect of a mediated agreement. A plain reading of the mediated settlement agreement reached here indicates a clear intent to allocate the deferred compensation fund to the husband, for not only the duration of the husband’s life but for all time and all purposes. The Family Mediation Unit Agreement provided that the wife received a car, four acres of undeveloped land, and all interests associated with a business, including property used for that business. The agreement provided that the husband received a car, residential property, a boat, an annuity, interests associated with his life insurance policy, and all “retirement money with the Town of Surfside and the Deferred Compensation Fund fik/a Pep-sco” without limitation. The parties, who did not have any minor children of the marriage, also waived any and all rights to alimony. A plain reading of the terms of this agreement yield one undeniable conclusion: the couple intended to split their assets absolutely and go their separate ways. To allow the wife to collect the posthumous benefits associated with the husband’s deferred compensation funds is contrary to the intent of both the husband and the wife at the time the mediated settlement agreement was entered into.
An application of the majority decision yields an absurd result. If the husband here were to have suffered from an untimely demise immediately after he entered into the mediation agreement, but before it was physically possible for him to amend any pre-dissolution papers, the majority opinion would still require that pre-dissolution documents trump the mediation agreement. This flawed interpretation is contrary to the informal nature of mediation, which should be viewed through a *1259 different, less rigid prism than one used to scrutinize a lawyer-drafted and revised settlement agreement that is a product of traditional negotiations and formalized lawyer-drafted documents and litigation. The majority disregards the crystal clear intent of the parties in favor of a rigid application of pre-dissolution circumstances that were clearly intended to be superseded and overridden by the settlement agreement reached in mediation. This decision is inconsistent with the informal nature of mediation and will certainly discourage future divorcees from considering mediation and the short, less formal paperwork as an effective alternative to costly litigation. Accordingly, I dissent.
PERRY, J., concurs.